IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHEPARD JOHNSON,

    Plaintiff,                    No. CIV S-10-1968 GEB GGH PS

    vs.

CHESTER MITCHELL, et al.,

                                   ORDER

    Defendants.
_____/

        Plaintiff, who proceeds in pro se, filed on May 2, 2011, a motion to deny trustee's intervention. On May 13, 2011, plaintiff filed a request for continuance in which to oppose three motions to set aside entries of default.

        On April 25, 2011, this undersigned recommended that the trustee's motion to intervene be granted, but that the trustee's motion to dismiss be denied. (Dkt. # 62.) Plaintiff's motion to intervene cannot be construed as objections to the findings and recommendations as they would be untimely, but is instead construed as a motion for reconsideration before the undersigned.

        Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist or were not shown upon such prior motion, or what

1

other grounds exist for the motion." E.D. Cal. L. R. 230 (j); see United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (citing Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.), cert. denied, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993)) (Reconsideration appropriate for a change in the controlling law, facts, or other circumstances, a need to correct a clear error, or a need to prevent manifest injustice). "After thoughts" or "shifting of ground" are not appropriate bases for reconsideration. Fay Corp. v. BAT Holdings I, Inc., 651 F.Supp. 307, 309 (W.D. Wash.1987), aff'd, 896 F.2d 1227 (9th Cir.1990). The standards "reflect[ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello v. United States Government, 765 F.Supp. 1003, 1009 (C.D. Cal.1991).

Plaintiff has failed to proffer any facts or argument which would demonstrate an appropriate basis for reconsideration. He provides only his own opinion that the undersigned's ruling on the motion to intervene was tentative. In fact, the tentative wording cited by plaintiff addressed the nature of the protectable interest, which was only one factor in the analysis. Once a protectable interest was found, the analysis proceeded and resulted in a finding that intervention was appropriate. The ruling permitting intervention only granted the trustee standing to argue the motion to dismiss. That ruling was not tentative or conditional. Therefore, plaintiff's motion will be denied.

Plaintiff has also requested a continuance in which to file oppositions to the motions to set aside entries of default, filed January 18, 2011. As previously ordered, these motions will not be entertained until there is a final order either adopting or rejecting the findings and recommendations issued April 25, 2011. See Docket # 58. At the present time, the district judge has not yet ruled on the findings and recommendations. Therefore, plaintiff's request is not yet ripe and is denied without prejudice to its renewal after the district judge rules on the findings and recommendations.

\\\\

\\\\

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to deny trustee's intervention, construed as a motion for reconsideration, filed May 12, 2011, (dkt. # 63), is denied.

2. Plaintiff's request for a continuance to file oppositions to the motions to set aside entries of default, filed May 13, 2011, (dkt. # 64), is denied without prejudice.

DATED: 05/27/2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Johnson1968.rec.wpd