8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHEPARD JOHNSON,

11          Plaintiff,                    No. CIV S-10-1968 GEB GGH PS

12      vs.

13   CHESTER MITCHELL, et al.,

14          Defendants.                   <u>ORDER</u>
                                    /
15

16          Plaintiff initiated this diversity action for malicious prosecution and civil

17   conspiracy to commit malicious prosecution on July 23, 2010 and is currently proceeding with

18   the corrected version of the second amended complaint filed on August 24, 2011. (<u>See</u> Dkt. No.

19   80.)

20          Before the court is plaintiff's motion for reconsideration to correct the record to

21   reflect that defendants Martha Thomas and Sondra Tornga were properly served with process.

22   (Dkt. No. 83.)  A hearing on this motion is currently scheduled for October 6, 2011.  Defendants

23   Thomas and Tornga did not file an opposition to the motion.  Having reviewed the motion, the

24   court determines that it is suitable for decision without oral argument.  The hearing set for

25   October 6, 2011 is therefore vacated.

26   ////

1    Also before the court are various letters submitted by defendants Ford Hermansen,

2  Viki Kiman, Efim Shargorodsky, and Elena Shargorodsky that purport to be answers and/or

3  motions to dismiss plaintiff's second amended complaint.  (Dkt Nos. 82, 86, 90, 91.)

4    In light of the above-mentioned filings, the Court issues the following order.

5    Plaintiff's Motion for Reconsideration

6    Plaintiff contends that, contrary to the findings of the Court's August 23, 2011

7  order, defendants Martha Thomas and Sondra Tornga were properly served with process.  As

8  such, plaintiff requests that he be relieved of the requirement to again serve them with process,

9  and instead be permitted to only serve the second amended complaint on these defendants.  He

10  further requests that he be allowed to request an entry of default on defendants Thomas and

11  Tornga in the event they do not respond within 21 days of service of the second amended

12  complaint.

13    On August 23, 2011, the court issued an order directing plaintiff to complete

14  proper service of process on all named defendants (with the exception of defendants Chester and

15  Catherine Mitchell, who had already appeared) in accordance with Fed. R. Civ. P. 4(e) within 60

16  days of the order.  (Dkt. No. 78.)  The court held that plaintiff's service of process on the

17  defendants for which service had been attempted was improper.  The court explained that Fed. R.

18  Civ. P. 4(e)(1) permits service of summons according to the state law where the district court is

19  located.  Cal. Code Civ. Proc. 415.40 in turn permits service on an individual located outside the

20  state by "first class mail, postage prepaid, requiring a return receipt."  Because the court found

21  that plaintiff only effectuated service by certified mail[1] *with no return receipt*, service was held to

22  be improper.

23    In his motion for reconsideration, plaintiff acknowledges that, with respect to

24

25    [1] Although Cal. Civ. Proc. Code § 415.40 technically states that a person must be served
by "*first-class mail*, postage prepaid, requiring a return receipt," the related comment by the
Judicial Council indicates that both registered and certified airmail, return receipt requested, meet

26  this requirement.

defendant Martha Thomas, his process server failed to pay for the return receipt service when he

served defendant Thomas with the complaint and summons by certified mail on October 29,

2010.  (See Declaration of Shepard Johnson in support of Plaintiff's Request for

Reconsideration, Dkt. No. 83-1 ["Johnson Decl."] ¶ 2; see also Dkt. No. 7.)  However, he claims

that the process server confirmed with the post office that the return receipt service could be

requested and paid for later.[2]  (Johnson Decl. ¶ 2.)  According to plaintiff, his process server

subsequently purchased a return receipt for defendant Thomas's certified mailing, and plaintiff

received a return receipt indicating that defendant Thomas had signed and acknowledged receipt

of the papers on November 1, 2010.  (Id. ¶¶ 4, 6, 7.)

As to defendant Tornga, plaintiff claims that she was served by certified mail

postage and return receipt prepaid at her known address in Longmont, Colorado on December 16,

2010.  (Johnson Decl. ¶ 8.)  This is confirmed by the court's records.  (Dkt. No. 8.)  According to

plaintiff, defendant Tornga filed a forwarding address with the U.S. Postal Service for an address

in Florida, which was unknown to plaintiff at that time.  (Johnson Decl. ¶ 8.)  Nevertheless,

plaintiff contends that defendant Tornga signed for and acknowledged receiving the forwarded

certified mailing on January 12, 2011.  (Id. ¶ 9.)

Plaintiff lost the original return receipts for both defendants.  However, on August

29, 2011, plaintiff requested copies of the signed delivery receipts for defendants Thomas and

Tornga from the U.S. Postal Service, which he attached to his declaration as exhibits.  (Johnson

Decl. ¶ 11, Exs. A, B.)  The exhibits are letters from the U.S. Postal Service that include the date

---

[2] This statement appears to be confirmed by information on the United States Postal Services Website.  "A Return Receipt After Mailing (a.k.a. a Duplicate Return Receipt) provides the sender with a proof of delivery letter showing the date of delivery and image of the recipient's signature.  Duplicate return receipts are accepted by the courts and other authorities as proof that the article was delivered, and carry the same weight as an original return receipt....Requests for a Return Receipt After Mailing for Certified Mail...must be made within 2 years after the date of mailing."  (See http://faq.usps.com/eCustomer/iq/usps/request.do?create=%20kb:USPSFAQ; then click the "Add-On Services" link, then click the "Return Receipt (Domestic)" link.)

1 and time of delivery, the recipient's address, and the signature of the recipient. These letters

2 confirm that defendant Thomas signed for the complaint and summons on November 1, 2010 and

3 that defendant Tornga signed for the complaint and summons on January 12, 2011. Based on

4 plaintiff's submissions, and because neither defendant Thomas nor defendant Tornga opposed

5 plaintiff's motion, the court is satisfied that these defendants were properly served with process.

6 Accordingly, plaintiff will not be required to serve defendants Thomas and Tornga

7 with process another time. Plaintiff must, however, serve the second amended complaint on

8 these defendants. Additionally, because the other defendants who had previously appeared,

9 Chester and Catherine Mitchell, were allowed to file a response to the second amended

10 complaint within 28 days of being served, defendants Thomas and Tornga will also be allowed to

11 file a response to the second amended complaint within *28 days* (and not 21 days) of being

12 served.

13 Letters Submitted By Defendants Ford Hermansen, Viki Kiman, Efim

14 Shargorodsky, and Elena Shargorodsky

15 Defendants Ford Hermansen, Viki Kiman, Efim Shargorodsky, and Elena

16 Shargorodsky submitted letters to the district judge that simultaneously purport to be

17 responses/answers to plaintiff's second amended complaint and requests/motions to be dismissed

18 from the case. (See Dkt Nos. 82, 86, 90, 91.) The letters dispute plaintiff's allegations and

19 essentially outline the various defendants' versions of the facts related to this case. To the extent

20 these letters can be construed as motions, they have not been noticed for hearing nor have they

21 been served on plaintiff and other parties who have appeared in this action.

22 Procedural requirements serve an important function in the orderly conduct of

23 litigation, and pro se litigants are expected to comply with procedural rules. See McNeil v.

24 United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in

25 ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed

26 without counsel"). Thus, even though pleadings are liberally construed in their favor, pro se

litigants remain bound by the rules of procedure.   King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986); see also American Ass'n of

Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000) (holding that pro se

litigants are not excused from knowing the most basic pleading requirements).  The  Local Rules

further provide that failure to comply with the Federal and Local Rules are grounds for judgment

by default and other appropriate sanctions.  E.D. Cal. L.R. 183.

   The court understands that procedural rules are complex and can be confusing.

Titling a document an "answer" or a "motion," however, is more than a mere formality.  Court

personnel as well as opposing counsel need certainty in characterizing, calendaring, and

responding to pending matters.  Unnecessary judicial resources are expended when an improperly

styled matter is presented to the Clerk for filing pursuant to an unorthodox procedure.  Neither

court personnel nor opposing counsel are prepared to construe or respond to filings which do not

comply with the federal and local rules.  Letters addressed to the court do not constitute proper

pleadings or motions in response to a complaint.  See Fed. R. Civ. P. 7.  Accordingly, to the

extent defendants' letters can be construed as motions to dismiss, they are denied without

prejudice.

   In the event defendants intend to file an answer to plaintiff's second amended

complaint, they must comply with the requirements of Rule 8(b), (c), and (d) of the Federal Rules

of Civil Procedure.  Among other requirements, the answering party must "admit or deny the

allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1)(B).  "A denial must

fairly respond to the substance of the allegation.  A party that intends in good faith to deny all the

allegations of a pleading – including the jurisdictional grounds – may do so by a general denial.

A party that does not intend to deny all the allegations must either specifically deny designated

allegations or generally deny all except those specifically admitted.  A party that intends in good

faith to deny only part of an allegation must admit the part that is true and deny the rest.  A party

that lacks knowledge or information sufficient to form a belief about the truth of an allegation

1 must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(2)-(5).  An

2 allegation – other than one relating to the amount of damages – is admitted if a responsive

3 pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).  Furthermore, the

4 answering party must "state in short and plain terms its defenses to each claim asserted against

5 it." Fed. R. Civ. P. 8(b)(1)(A).  That includes any of the affirmative defenses listed in Fed. R.

6 Civ. P. 8(c)(1), if applicable.

7        In the event defendants instead intend to file a motion to dismiss plaintiff's second

8 amended complaint, they must comply with Rule 12 of the Federal Rules of Civil Procedure.

9 Such a motion must be properly served on plaintiff and the other parties who have appeared in

10 the action and noticed for hearing according to the requirements of Eastern District Local Rule

11 230.  Available hearing dates can be obtained from the undersigned's courtroom deputy clerk at

12 (916) 930-4199.

13        Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

14        1.  Plaintiff's motion for reconsideration (dkt. no. 83) is submitted on the record

15 without oral argument, and the hearing date of October 6, 2011 is vacated.

16        2.  Plaintiff's motion for reconsideration (dkt. no. 83) is granted.  No additional

17 service of process on defendants Martha Thomas and Sondra Tornga is required.  Plaintiff shall

18 serve the second amended complaint on these defendants within 28 days of this order.

19 Defendants Martha Thomas and Sondra Tornga shall file a response to the second amended

20 complaint within 28 days of being served.

21 ////

22 ////

23 ////

24 ////

25 ////

26 ////

3.  Defendants Ford Hermansen, Viki Kiman, Efim Shargorodsky, and Elena Shargorodsky's "answers" and/or motions to dismiss (dkt. nos. 82, 86, 90, 91) are denied without prejudice.  These defendants shall file a response to plaintiff's second amended complaint within 28 days of this order.

DATED: September 26, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:wvr
Johnson1968.mtd.reconsid.wpd

7